UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELIZABETH BALES, an individual<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>COUNTY OF EL DORADO; TERI MONTEROSSO; and DOES 1-50, inclusive,<br><br>　　　　Defendants. | No. 2:18-cv-01714-JAM-DB<br><br>**ORDER GRANTING DEFENDANT TERI MONTEROSSO'S MOTION TO DISMISS** |

This matter is before the Court on Defendant Teri Monterosso's ("Monterosso") Motion to Dismiss Plaintiff Elizabeth Bales's ("Bales") Fourth Cause of Action. Mot., ECF No. 11. Defendant El Dorado County submitted a belated joinder to Monterosso's motion. Joinder, ECF No. 21. Bales filed an opposition, Opp'n, ECF No. 17, to which Monterosso replied, Reply, ECF No. 18. After consideration of the parties' briefing on the motion and relevant legal authority, the Court GRANTS Defendant's Motion to Dismiss Plaintiff's Fourth Claim as to Defendant Monterosso.[1]

---

[1] This motion was determined to be suitable for decision without oral argument. E.D. Cal. L.R. 230(g). The hearing was scheduled for September 18, 2018.

1

## I. BACKGROUND

Elizabeth Bales worked as a Deputy Public Defender II for Defendant El Dorado County ("the County") from November 2016 to June 2017. Compl., ECF No. 1 at 3. During her brief employment with the County, Bales was interviewed about coworkers' complaints of gender discrimination and retaliation. Id. at 3-4.

Monterosso, Bales' supervisor, terminated Bales on June 21, 2017, stating that Bales was not "a good fit." Id. at 4. Earlier that same day, Bales had reported a client's allegation of sexual misconduct at the jail to Monterosso. Id. Bales received her right to sue notice from the California Department of Fair Employment and Housing on March 28, 2018 and filed her Complaint on June 13, 2018. Id.

## II. OPINION

### A. Defendant Monterosso's Motion to Dismiss

Bales asserts four claims in her Complaint: (1) Title VII Retaliation against the County; (2) California Fair Employment and Housing Act (FEHA) Retaliation against the County; (3) FEHA Failure to Prevent Discrimination against the County; and (4) Retaliation under California's Whistleblower Protection Act, Cal. Labor Code § 1102.5, against both the County and Monterosso. Compl. at 5-11. Monterosso contends that the fourth claim should be dismissed because the statute on which it is based precludes individual liability. Mot. at 2.

#### 1. Claim Four: Whistleblower Retaliation, Cal. Labor Code § 1102.5

Bales's Fourth Claim alleges a Labor Code violation against

individual defendant, Monterosso, as well as the County. Section 1102.5 prohibits retaliation against employees for participating in investigations, providing in relevant part:

> An employer, or any person acting on behalf of the employer, shall not retaliate against an employee for disclosing information, or because the employer believes that the employee disclosed or may disclose information, to a government or law enforcement agency, to a person with authority over the employee or another employee who has the authority to investigate, discover, or correct the violation or noncompliance, or for providing information to, or testifying before, any public body conducting an investigation, hearing, or inquiry, if the employee has reasonable cause to believe that the information discloses a violation of state or federal statute, or a violation of or noncompliance with a local, state, or federal rule or regulation, regardless of whether disclosing the information is part of the employee's job duties.

Cal. Lab. Code § 1102.5(b). The statute was amended, effective January 1, 2014, to include the addition of "or any person acting on behalf of the employer" instead of referring solely to "[a]n employer." Id. "No California court has addressed the issue of individual liability since the amendment to the language." Toranto v. Jaffurs, 297 F. Supp. 3d 1073, 1105 (S.D. Cal. 2018).

Bales argues that the statute is unambiguous and that the plain language "any person acting on behalf of the employer" allows her to hold Monterosso individually liable. Opp'n at 1. Although she cannot cite to any instances where California courts have imposed individual liability following the 2014 statutory amendment, Bales cites to several federal district court cases that have found the amendment's language to be ambiguous and ruled in the plaintiffs' favor on motions to remand. See Jackson v. Dollar Tree Distribution, Inc., No. CV

3

18-2302 PSG (SKX), 2018 WL 2355983, at *6 (C.D. Cal. May 23, 2018); Lewis v. Wells Fargo Bank, N.A., No. LACV167377PARAOX, 2016 WL 7107760, at *2 (C.D. Cal. Dec. 5, 2016) (distinguishing between the statutory analysis on a motion to dismiss and motion to remand); Khan v. Infor (US) Inc, No. SACV1600657CJCKESX, 2016 WL 3751615, at *4 (C.D. Cal. July 13, 2016); O'Neill v. Grupo Radio Centro LA, LLC, No. 2:15-CV-06116-SVW-JC, 2015 WL 6453073, at *3 (C.D. Cal. Oct. 21, 2015) ("All material ambiguities in state law must be construed in the plaintiff's favor when assessing a sham defendant claim in connection with removal."); De La Torre v. Progress Rail Servs. Corp., No. CV154526FMOGJSX, 2015 WL 4607730, at *4 (C.D. Cal. July 31, 2015).

These cases did not, however, determine that section 1102.5 imposes individual liability and did not involve the motion to dismiss standard. See Toranto, 297 F. Supp. 3d at 1105. Cases where district courts considered the amended language under the Rule 12(b)(6) standard have found that section 1102.5 does not impose individual liability on supervisors. See id. (granting motion to dismiss section 1102.5 claim brought against an individual defendant); United States ex rel. Lupo v. Quality Assurance Servs., Inc., 242 F. Supp. 3d 1020, 1030 (S.D. Cal. 2017) (dismissing individual defendants from section 1102.5 claim based on binding precedent that considered similarly worded statutes); Tillery v. Lollis, No. 1:14-CV-02025-KJM, 2015 WL 4873111, at *10 (E.D. Cal. Aug. 13, 2015) (dismissing individual supervisors from the plaintiff's section 1102.5 claim); Conner v. Aviation Servs. of Chevron U.S.A., No. 14-CV-02102-JD, 2014 WL 5768727, at *5 (N.D. Cal. Nov. 5, 2014)

4

(finding that Labor Code § 1104 precluded individual liability under Labor Code § 1102.5 because "the employer is responsible for the acts of his managers, officers, agents, and employees.").

The Tillery opinion engaged in a thorough analysis of whether the 2014 amendments imposed individual liability. 2015 WL 4873111, at *9-10. That decision relied on California Supreme Court cases that interpreted similar statutory language to preclude individual liability. Id. (citing Reno v. Baird, 18 Cal. 4th 640 (Cal. 1998); Jones v. Lodge at Torrey Pines P'ship, 42 Cal. 4th 1158 (Cal. 2008)). In Jones, the California Supreme Court noted that the legislature used clear language to signal individual liability in the employment context, such as specifying that "[a]n employee of an entity ... is personally liable for any harassment prohibited by this section that is perpetrated by the employee. ..." 42 Cal. 4th at 1186 (citing Cal. Gov't Code § 12940(j)(3)). The 2014 amendments to section 1102.5 lack such an explicit direction to impose individual liability. Tillery also noted that the legislative history did not suggest an intention to impose individual liability on supervisors. 2015 WL 4873111, at *10. Review of the bill emphasized that the amendment applied to individuals "acting on behalf of the employer." Id. (citing S.B. 666, 2013 Cal. Legis. Serv. Ch. 577 (2013); Assembly Comm. On Labor and Empl., Bill Analysis, S.B. 666 (June 26, 2013)). The Court therefore finds that the legislative history does not support Bales' theory that the amendment sought to create individual liability for supervisors.

Decisions of the California Supreme Court bind this Court when interpreting issues of California state law. <u>Strother v. S. Cal. Permanente Med. Group</u>, 79 F.3d 859, 865 (9th Cir. 1996). Where the California Supreme Court has not yet ruled on an issue, the Court must predict how the state court would decide the issue, using existing decisions and statutes as guidance. <u>Id.</u> Based on the Court's review of the parties' briefing, existing precedent, and legislative history, the Court finds that section 1102.5 does not impose individual liability.

### III. ORDER

For the reasons set forth above, the Court GRANTS Defendant Monterosso's Motion to Dismiss Plaintiff's Fourth Cause of Action as to Defendant Monterosso. The Court also finds that further amendment would be futile and therefore dismisses this claim as to this individual defendant with prejudice.

IT IS SO ORDERED.

Dated: September 19, 2018

JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE